JUDGE CASTEL

**13 CV 1435**

United States District Court
Eastern District of New York

---

United States of America
    Plantiff

Vs.
            Case No: 11-CR-412
            Hon. P. Kevin Castel

Jose De Los Santos,
    Defendant

---

## Collateral Application
### Pursuant to 28 U.S.C SS 2255

1. Comes now the defendant Jose DeLosSantos, Pro-se and in support of the above styled petition here by states as follows under the penalty of perjury pursuant to 28 U.S.C SS: 1746.

2. On May 18th, 2012 I was sentenced in this court. I instructed my counsel to file a Notice of Appeal. My appellate request centered upon denial of a downward departure by the court due to obstruction of justice, and failure of the court to recognize I was eligible for downward departure based upon my cooperation which led to the arrest of the supplier in this case.

3. I informed counsel Edward Mcquat, (herein after "McQuat") as to the facts of the alleged obstruction. McQuat failed to prepare a PSR objection or to argue the matter before the court and request a fatico hearing, as to the drug amount and the obstruction facts. The court invited McQuat set the disagreement regarding the drug amounts and the obstruction for a fatico hearing and McQuat declined.

4. I requested that McQuat file an appeal. McQuat said he would do so. On May 29, 2012 McQuat filed a Notice of Appeal (See Exhibit "A" Attached).

5. There after I heard nothing on the appeal. On October 12, 2012 I wrote to this court (See Exhibit "B"), and the court responded the appeal was dismissed. On November 5, 2012 I wrote McQuat. McQuat stated it was not his job to handle the appeal ( See Exhibit "C" Attached).

6. McQuat implied he did not know the appeal had been dismissed. I obtained a copy of the mandate which clearly shows McQUat knew about the Appeal filing fee issue on 5/30/2012/ ( See Exhibit "D" Attached), and did nothing to cure McQuats error.

## Ineffective Assistance of Counsel

7. McQuat failed to prosecute the appeal after filing the Notice of Appeal. It is such he was ineffective and the defendant has been prejudiced in U.S.-v- Hernandez, 202 F. 3d 487, the same situation is found.

8. The Second Circuit in Hernandez(supra) stated there is no difference between failure to file a Notice of Appeal and filing a Notice and failure to perfect, discussing Hooper-v- U.S. (112 F 3d 83).

9. When Counsel files a Notice of Appeal and fails to perfect the appeal, prejudice is presumed as the applicant/defendant losses his claim to appeal from.

10. The Waiver of Appeal in plea agreement does not effect the prejudice claim. (see U.S.-v- Compuzano, 442 F 3d. 770).

WHEREOF AL premise considered the right to appeal as of the date of this 2255 being decided is prayed, and upon such filing any future 2255 SHALL NOT be considered successive as the instant 2255 is purely procedural as to the appeal question and does not reach the merits of the core.

Sworn under the penalty of perjury pursuant to 28 USC SS: 1746.

Date : 2/26/13

Respectfully Submitted

By: Jose De Los Santos
Reg: 90645-054

## Proof of Service

I hereby certify that I mailed the original of the foregoing 2255 to the Clerk of the Court at 500 Peal St. N.Y, NY 10007 on the date below, first class postage affixed, pre-paid.

Date 2/26/13

By: _De los Santos Jose._
Jose De Los Santos

*Apelacion*

iminal Notice of Appeal - Form A

# NOTICE OF APPEAL

United States District Court

SOUTHERN District of NEW YORK

DOCKET ELECTRONICALLY FILED
DOC #: 25
DATE FILED: MAY 29 20__

Caption:

UNITED STATES v.

JOSE A. DELOS SANTOS

Docket No.: 11-cr-00412

P. KEVIN CASTEL
(District Court Judge)

Notice is hereby given that JOSE ANTONIO DELOS SANTOS appeals to the United States Court of Appeals for the Second Circuit from the judgment [✓], other [ ] _____ (specify)

entered in this action on MAY 18, 2012 (date).

This appeal concerns: Conviction only [✓]   Sentence only [ ]   Conviction & Sentence [ ]   Other [ ]

Defendant found guilty by plea [✓] | trial [ ] | N/A [ ].

Offense occurred after November 1, 1987?  Yes [✓]   No [ ]   N/A [ ]

Date of sentence: _____   N/A [ ]

Bail/Jail Disposition: Committed [✓]   Not committed [ ]   N/A [ ]

Appellant is represented by counsel? Yes [ ]   No [✓]   If yes, provide the following information:

Defendant's Counsel: _____
Counsel's Address: _____
Counsel's Phone: _____

Assistant U.S. Attorney: Alvin Leonard Bragg, Jr.
AUSA's Address: ONE SAINT ANDREWS PLAZA
NEW YORK, NEW YORK
AUSA's Phone: 212.637-1085

_____
Signature

EXH "A"

?October 12, 2012

Hon. P. Kevin Castel,
IN CHAMBERS
United States District Court Judge
500 Pearl Street
New York, New York 10007

Re: UNITED STATES v. Jose De Los Santos
    Docket Number: 11-CR-412 (PKC)

Subject: LETTER MOTION FOR CLARIFICATION AS TO THE STATUS
    OF THE PRO-SE NOTICE OF APPEAL FILED IN THIS CASE.

Dear Judge Castel:
    MAY IT PLEASE THE COURT.
    This letter motion is being crafted by another inmate, as I have difficulty understanding written and spoken English.
    I am writing to inquire as to the status of my appeal. I was sentenced in your court on May 18, 2012.
    When I was sentenced I instructed my retained attorney, Edward McQuat, Esquire, of the Blanch Law Firm, to file my notice of appeal. Counsel McQuat stated he would do so, but that in order to prosecute the appeal I would have to pay another legal fee.
    I informed Counsel McQuat that I was without any further funds. Counsel McQuat informed me that all he would do was file the Notice of Appeal, and that from that point on, I would have to seek leave for appointment of appellate counsel.
    I did not hear from Counsel McQuat regarding the Notice of Appeal, so on May 25th, 2012, I instructed my wife to contact the Blanch Law Firm by telephone, to make sure the Notice of Appeal was filed. My wife told me that Counsel McQuat would not return her calls.
    On May 26, 2012, out of an abundance of caution I crafted a hand written Notice of Appeal, and sent it to the District Court Clerk from the prison unit mail box. I was told by the prison law clerks that once the Notice of Appeal was placed in the prison unit mail box, that it was the same as the Notice of Appeal having been delivered to the court, under what is called the "Prisoner Legal Mail Box Rule".
    I have patiently waited to hear from the appellate court as to when my appeal will be scheduled, who will be assigned to represent me, and when the brief will be due. Ninety (90) days passed without anyone contacting me. I then requested that my wife go to the District Court in person and ask the clerk of the court what the status of the appeal was.
    The Clerk informed my wife that the appeal would not be docketed until I paid a $500.00 fee. I looked at the Federal Rules of Appellate Procedure and Rule 4(b) makes no mention of any fee being required to file a Notice of Appeal. I am told there is no fee to file a Notice of Appeal.
    My case has appellate merit as there are glaring issues that need to be resolved regarding the sentence entered in this case wherein (1) erroneous information was presented to the court regarding a previous conviction, (2) perjured testimony was given to your Honor regarding an Obstruction of Justice allegation, and (3) the plea regarding the amounts of contraband versus the amount of substrate the contraband was contained in was never developed as there was no laboratory report.
    I am laboring under the impression that my Notice of Appeal will not become active unless I pay $500.00. Please let me know what the status of my Notice of Appeal is. I do not have $500.00 I do not know what the next step is. I have no idea if Counsel McQuat even filed the Notice of Appeal, he promised to file, as was his duty to me.
    I thank you for your time and attention regarding the request. and look forward to your response so I may be able to move the appeal ahead in a timely fashion.
    Very truly yours;

Jose De Los Santos, Pro-se.
Reg No: 90645-054
MDC Brooklyn
P.O. Box 329002 - Unit I-63
Brooklyn, New York 11232

Exh. "B"

CC:    U.S. Attorney, St. Andrews Place. New York, NY 10007

November 5, 2012

Edward McQuat, Esq.
Attorney at Law
The Blanch Law Firm
350 Fifth Avenue
New York, New York 10118

Re: United States v. Jose Delos Santos
   Dkt No: 11-CR-412 (PKC)

Dear Counsel McQuat:

   I have received information from Judge Castel, that my appeal was dismissed. This led me to contact the appeals court. It appears that on May 30, of this year, you were notified by Pacer, that the Appeals Court required an in forma pauperis application from me. You never appraised me of this request and thus, due to the fact I had no idea the paupers application was required, my appeal was dismissed.

   I have contacted the Appeals Clerk and they suggested that I contact the N.Y.S. Supreme Court, First Department Disciplinary Committee, 61 Broadway, New York, NY 10007. I did that. The Disciplinary Committee sent me the Ethics Rules, and I have ascertained that you are responsible for correcting your ethical error.

   I point out that you either by error or design, failed to fill out the appeals form as to the defendants representation. This part of the form does not imply your are my appellate counsel, as the line above it clearly states that you choose not to be the appeals counsel. The court of Appeal suggests that this ethical lapse, may have been either an oversight or possibly intentional by design.

   I am requesting that you send a letter to the Clerk of the Second Circuit Appeals Court, rectifying your error. If you agree to do this, I will consider it an ethical lapse due to error.

   If you do not agree, then I will be forced to file a complaint with the the First Department Disciplinary Committee, and the Second Circuit Appeals Court, Admissions Committee on Character and Fitness, regarding what would then appear to be your ethical lapse by design.

   I assure you that I take the loss of my appellate right very seriously.

   I hope you will choose the ethical option and remedy your error in the Appeals Court. Otherwise, I will not rest until your ethical lapse is handled by a disciplinary hearing.

Very truly yours;

Jose Delos Santos
Reg No: 90645-054
MDC Brooklyn
Box 329002
Brooklyn, New York 11232

cc:  Jorge Dopico, Chief Counsel
    First Department Disciplinary Committee
    61 Broadway
    New York, New York 10007

EXH -"C"

*Antonio esto es la carta de dismissal.*

Case: 12-2184   Document: 9   Page: 1   07/06/2012   656783   2

# MANDATE

N.Y.S.D. Case #
11-cr-0412-1(PKC)

UNITED STATES COURT OF APPEALS
for the
SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of May, two thousand and twelve,

United States of America,

Appellee,

v.

Jose Anthony Delos Santos, AKA El Negro,

Defendant - Appellant.

**ORDER**
Docket Number: 12-2184

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 28
DATE FILED: July 06, 2012

A notice of appeal was filed on May 29, 2012. The filing fee of $455.00 was due to be paid to the district court by May 29, 2012. The case is deemed in default.

Instructions for moving for *in forma pauperis* status are provided in the Court's instructions entitled "*How to Appeal a Criminal Case in the United States Court of Appeals for the Second Circuit*". The manual and the forms required to file the motion were mailed to appellant at the beginning of the case. They are also available on the Court's website www.ca2.uscourts.gov.

IT IS HEREBY ORDERED that the appeal is dismissed effective June 13, 2012, unless by that date appellant either pays the fee in full, moves for *in forma pauperis* status in district court or, if district court has denied *in forma pauperis* status, moves in this Court for *in forma pauperis* status.

MANDATE ISSUED ON 07/06/2012

EXH "D"

If appellant has filed the motion in district court and the motion is pending, appellant must so advise this Court in writing by the same date.

> For The Court:
>
> Catherine O'Hagan Wolfe,
> Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit