UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOSE DE LOS SANTOS,                          :

        Petitioner,                         :

  -v.-                                              :          13 Cv. 1435 (PKC)

UNITED STATES OF AMERICA,           :

        Respondent.                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**GOVERNMENT'S RESPONSE TO SANTOS'**
**PETITION PURSUANT TO 28 U.S.C. SECTION 2255**


                                       PREET BHARARA
                                       United States Attorney
                                       Southern District of New York
                                       Attorney for the United States of America


Alvin Bragg
Assistant United States Attorney
- Of Counsel –

**GOVERNMENT'S RESPONSE TO SANTOS'**
**PETITION PURSUANT TO 28 U.S.C. SECTION 2255**

As discussed in more detail below, Jose De Los Santos ("Santos" or the "Petitioner") was denied effective assistance of counsel by his lawyer's failure to perfect his appeal. The Government respectfully requests that the Court: (1) vacate and then reinstate the judgment so as to allow Santos an opportunity to file an appeal; and (2) instruct Santos' lawyer to file an appeal or withdraw from his representation of Santos pursuant to Second Circuit Local Rule 4.1.

**FACTS**

Santos was indicted on a charge of conspiring to distribute more than 100 grams of heroin, in violation of 21 U.S.C. Sections 841(b)(1)(B) and 846. Pursuant to a plea agreement with the Government, Santos pled guilty to the lesser included offense of conspiring to distribute less than 100 grams of heroin, in violation of 21 U.S.C. Sections 841(b)(1)(C) and 846. (Docket Entry No. 3, Exhibit E). The parties stipulated in the plea agreement that Santos' base offense level was to be increased by two levels for obstruction of justice under Section 3C1.1 of the United States Sentencing Guidelines ("Guidelines"), because Santos attempted to influence a co-conspirator to flee. The stipulated Guidelines range was 87 to 108 months' imprisonment, and the plea agreement included a provision waiving Santos' right to file a direct appeal or bring a challenge under 28 U.S.C. Section 2255 if his sentence was within or below the stipulated Guidelines range.

On May 18, 2012, Santos was sentenced, well below the stipulated Guidelines range, to 66 months' imprisonment. (Docket Entry No. 3, Exhibit C). On or about May 30, 2012, Santos' retained counsel filed a notice of appeal stating that Santos was not represented by counsel. (Docket Entry No. 3, Exhibit C). The filing fee was not paid and, as a result, the Second Circuit ordered that the appeal would be dismissed unless Santos paid the filing fee or moved for *in*

1

*forma pauperis* status by June 13, 2012.  (Docket Entry No. 3, Exhibit D).  The filing fee was not paid and no motion for *in forma pauperis* status was filed, and, therefore, the appeal was dismissed.

On or about March 1, 2013, within one year of the dismissal of the appeal,[1] Santos filed a *pro se* petition (the "Petition") under 28 U.S.C. Section 2255 claiming that his attorney had rendered ineffective assistance of counsel by failing to perfect his appeal and by not challenging the amount of heroin used to calculate his Guidelines range and the two-level increase for obstruction of justice.  The Petition states that Santos asked his lawyer to file an appeal and that his lawyer agreed to do so.  In addition, the Petition attaches an October 12, 2012 letter from Santos to the Court stating that Santos asked his attorney to file a notice of appeal and that his lawyer agreed to file the notice, but also indicated that Santos would have to pay a filing fee or request that the Court appoint new counsel.

On or about March 22, 2013, Santos' attorney filed a declaration in response to the Petition (the "Declaration").  The Declaration states that: (1) Santos told his attorney that he wanted to file an appeal and, in response, Santos' attorney filed a notice of appeal; (2) his attorney told Santos that Santos was responsible for paying any fees associated with filing the notice of appeal; (3) his attorney told Santos that Santos could file a motion seeking to have counsel appointed to file an appeal; and (4) Santos' attorney reminded Santos that his plea agreement waived his right to appeal the below-Guidelines sentence that had been imposed. (Declaration ¶¶ 5, 6, 8).

---

[1] Motions for relief under Section 2255 must be filed within one year of the date on which the judgment of conviction becomes final.  28 U.S.C. § 2255(f).

**APPLICABLE LAW**

A.   <u>Right to Effective Counsel</u>

As a general matter, in order to establish that a defendant's Sixth Amendment right to counsel has been violated, a defendant must (1) show that his counsel's representation "fell below an objective standard of reasonableness" under "prevailing professional norms"; and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984).  There are, however, certain situations where "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Id.* at 692.  An attorney's unexcused failure to bring a direct appeal from a criminal conviction notwithstanding a defendant's instruction to do so is such an instance.  *See Hernandez* v. *United States,* 202 F.3d 486, 488 (2d Cir. 2000) ("We conclude that *Strickland*'s requirement of a showing of prejudice does not apply where the alleged ineffective assistance lies in a counsel's unexcused failure to bring a direct appeal from a criminal conviction upon the defendant's direction to do so.  In such circumstances, prejudice will be presumed."); *see also Campusano* v. *United States*, 442 F.3d 770, 771-72 (2d Cir. 2006) (presuming prejudice even where the defendant's plea agreement included an appellate waiver).  An appropriate remedy for a lawyer's unexcused failure to heed a client's request to file an appeal is to permit the appeal to proceed by vacating and then reinstating the judgment.  *See Gjidija* v. *United States*, 06 Civ. 4903 (JFK), 03 Cr. 1256 (JFK), 2007 WL 2049727, *4 (S.D.N.Y. July 16, 2007); *see generally McHale* v. *United States*, 175 F.3d 115, 116-17 (2d Cir.1999*)* (Second Circuit reinstated an appeal and permitted the appeal "to proceed in the normal course" where an appeal had been dismissed, after a notice of appeal was filed, but the appeal was not perfected).

B. <u>Withdrawal From Representation</u>

Under Second Circuit Local Rule 4.1, an attorney representing a defendant who seeks to appeal in a criminal matter must file an appeal or a motion to withdraw. *See* Second Circuit Local Rule 4.1(a) ("When a defendant in a criminal case seeks to appeal, defendant's counsel, whether retained or appointed, is responsible for representing the defendant unless relieved by this court.") "Counsel who seeks to withdraw from representing a defendant on appeal on the ground that the appeal presents no nonfrivolous issues must file a motion and brief in accordance with *Anders* v. *California*, 386 U.S. 738 (1967). . . ." *See* Second Circuit Local Rule 4.1(b).

Counsel who seeks to withdraw on other grounds must file a motion to withdraw that must be accompanied by:

> (A) a document or statement showing that new counsel has been retained or appointed to represent the defendant; (B) the defendant's completed application for appointment of counsel under the CJA [Criminal Justice Act] or a showing that the defendant has already filed that application with the court; (C) if the defendant is currently represented by appointed counsel, a request that substitute counsel be appointed under the CJA; (D) the defendant's signed statement that the defendant has been advised that the defendant may retain new counsel or apply for appointment of counsel, and that the defendant does not wish to be represented by counsel but wishes to appear *pro se*; or (E) a document or statement showing that exceptional circumstances prevent counsel from meeting any of the requirements stated in (A) to (D) above.

Second Circuit Local Rule 4.1(d)(2).

## **DISCUSSION**

It is undisputed that Santos informed his attorney that he wanted to file an appeal. Having been so informed, Santos' lawyer was required either to: (1) file an appeal; (2) withdraw on the basis that the appeal presented no nonfrivolous issues by filing a motion and brief in accordance with *Anders* v. *California*, 386 U.S. 738 (1967); or (3) file a motion to withdraw

pursuant to Second Circuit Local Rule 4.1. Santos' lawyer did not take any of these courses. His failure to do so constituted ineffective assistance of counsel and triggered a presumption that Santos suffered prejudice from such ineffective assistance. *See Hernandez,* 202 F.3d at 488. The appropriate remedy is for the Court to permit the appeal to proceed in the normal course by vacating and then reinstating the judgment. *See Gjidija*, 2007 WL 2049727, *4.

In order to ensure that Santos is represented on appeal, the Court should direct Santos' attorney of record to comply with Second Circuit Local Rule 4.1 after the judgment is vacated and reinstated.

## **CONCLUSION**

For the reasons set forth above, the Government respectfully requests that (1) the Court vacate and then reinstate the judgment and (2) direct Santos' attorney of record to comply with Second Circuit Local Rule 4.1 after the judgment is vacated and reinstated.

Dated: New York, New York
April 26, 2013

    Respectfully submitted,

    PREET BHARARA
    United States Attorney for the
    Southern District of New York

By:     /s/
    Alvin Bragg
    Assistant United States Attorney
    (212) 637-1085