USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-1-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOSE DE LOS SANTOS

                                      Petitioner,

       -against-

UNITED STATES OF AMERICA,

                                      Respondent.
-----------------------------------------------------------x

13 Civ. 1435 (PKC)
11 Cr. 412 (PKC)

ORDER

CASTEL, District Judge:

        The pro se petition of Jose De Los Santos asserts, among other things, that his retained counsel failed to provide the effective assistance of counsel guaranteed by the Sixth Amendment in failing to object to the Presentence Report and failing to perfect an appeal. His retained counsel has filed a declaration in response to an order of this Court.

        At the time of petitioner's plea of guilty, the Court made due inquiry as to the circumstances surrounding his entry into to the plea agreement and concluded that it had been entered into knowingly and voluntarily, including the waiver of the right to appeal or collaterally attack a sentence within the stipulated Guidelines range in the plea agreement. (1/17/12 Tr. at 11-14, 17.) The Court informed petitioner that, by entering into the plea agreement, "[y]ou have waived your right to appeal or collaterally attack a sentence unless the sentence I impose is above the stimulated [G]uideline[s] range and in that event the law will only allow you to challenge the sentence on the ground that it is unreasonable or contrary to law." (Id. at 13-14.) Petitioner indicated that he understood. (Id. at 14.) Prior to sentencing, defense counsel submitted a 21-page memorandum (with 20 pages of exhibits) urging the Court to impose a below Guidelines sentence. At sentencing, certain factual changes were made to the Presentence Report at the request of defense counsel; no sentencing hearing was sought on any factual issue.

(5/18/12 Tr. at 3-6.) Defense counsel did not object to the Guidelines calculation in the Presentence Report. (Id. at 7.)

The Guidelines calculation adopted by this Court at the time of sentencing (TOL 28; CHC II) was the stipulated Guidelines calculation in the Presentence Report. (5/18/12 Tr. at 7; Presentence Report at 17.) The Court announced that it proposed to sentence the defendant to a sentence of principally 66 months' imprisonment, which was below the Guidelines range of imprisonment of 87-108 months. (5/18/12 Tr. at 20.) The Court inquired whether "the defendant or his counsel have any objection to the Court's proposed sentence or the statement of reasons for that sentence" and was informed by defense counsel that there was none. (Id. at 21.) The Court then sentenced petitioner principally to 66 months' imprisonment. (Id.)

The Court informed petitioner of his right to appeal, that the time limits for filing a notice of appeal are brief and strictly enforced, that he may apply for leave to appeal as a poor person and that if he requested the clerk of court would file a notice of appeal on his behalf immediately. (Id. at 22-23.) Petitioner expressed his understanding of the foregoing. (Id. at 23.)

Petitioner's counsel acknowledges that petitioner expressed a desire to appeal and that he filed a Notice of Appeal on his behalf. (McQuat Decl. ¶ 5.) The attorney claims that his retainer agreement did not include appeals, that petitioner was delinquent in payment of fees and that he was told that he would have to pay the fees associated with the appeal. (Id. ¶¶ 4-8.) The Clerk of Court of the United States Court of Appeals for the Second Circuit conditionally dismissed petitioner's appeal unless, by June 13, 2012, he paid the required fees in full or moved to proceed as a poor person. When the fees were not paid and no motion was filed, the mandate issued pursuant to the dismissal.

DISCUSSION

A. <u>Waiver of Collateral Attack</u>

The waiver in the plea agreement of the right to appeal or collaterally attack a sentence within or below the stipulated Guidelines range forecloses De Los Santos's petition insofar as at challenges his attorney's failure to object to the Guidelines calculation or seek a sentencing hearing. The Second Circuit has routinely looked to the law of contracts in considering the validity and enforceability of the terms of a plea agreement, see <u>United States v. Stearns</u>, 479 F.3d 175, 178 (2d. Cir. 2007) (per curiam), and has consistently upheld the validity and enforceability of waivers of a right to appeal set forth in a plea agreement, see, e.g., <u>United States v. Pearson</u>, 570 F.3d 480 (2d Cir. 2009) (per curiam); <u>United States v. Salcido-Contreras</u>, 990 F.2d 51 (2d Cir. 1993) (per curiam). The enforcement of such waivers promotes certainty and predictability as to the terms of the plea agreement; it ensures that one party – the defendant – does not secure the benefit of the bargain without the accompanying detriments. See <u>United States v. Morgan</u>, 406 F.3d 135, 137 (2d Cir. 2005). While much of the case law addresses waivers of direct appeals, a waiver of a defendant's right to collaterally attack a sentence is also valid and enforceable. See <u>Garcia-Santos v. United States</u>, 273 F.3d 506 (2d Cir. 2001) (per curiam) (enforcing a waiver barring collateral attack on a sentence).

A sentence "conceivably imposed in an illegal fashion or in violation of the Guidelines" will not vitiate a waiver, if the sentence was within the range agreed upon in the plea agreement. <u>United States v. Gomez-Perez</u>, 215 F.3d 315, 319 (2d Cir. 2000). However, a court ought not uphold a waiver "on a basis that is unlimited and unexamined." <u>United States v. Ready</u>, 82 F.3d 551, 555 (2d Cir. 1996). While the exceptions are "very circumscribed," the Second Circuit has declined to enforce an appellate waiver in three circumstances. <u>Gomez-</u>

Perez, 215 F.3d at 319. First, a waiver that is not knowing and voluntary is not enforceable. See, e.g., id. at 318; Ready, 82 F.3d at 556-57 (The "record [must] clearly demonstrate[] that the waiver was both knowing . . . and voluntary." (quotation marks omitted)). A court will look to the questioning at the plea allocution to determine whether the waiver was knowing and voluntary. See United States v. Tang, 214 F.3d 365, 368 (2d Cir. 2000). Here, the Court concludes that the plea was knowing and voluntary as was the entry into the plea agreement in which petitioner waived the right to appeal or attack his sentence.

Second, a sentence imposed based upon certain impermissible factors is not immunized from review by reason of a waiver. If the district court bases its sentence on "constitutionally impermissible factors, such as ethnic, racial or other prohibited biases," the appellate waiver is unenforceable. Gomez-Perez, 215 F.3d at 319. See also United States v. Johnson, 347 F.3d 412 (2d Cir. 2003) (indigent status); United States v. Jacobson, 15 F.3d 19 (2d Cir. 1994) (naturalization status). The type of illegality that would prevent enforcement of an appellate waiver is of the kind that would trigger "the public policy constraints that bear upon the enforcement of other kinds of contracts." United States v. Yemitan, 70 F.3d 746, 748 (2d Cir. 1995). In addition to unconstitutional biases, failure to enunciate any rationale for a sentence may invalidate a waiver. See Gomez-Perez, 215 F.3d at 319. However, a district judge's failure to explain why he chose a sentence within a Guidelines range that exceeded 24 months (as required by the Guidelines) did not raise a public policy concern sufficient to render the waiver unenforceable. Yemitan, 70 F.3d at 748.

The third circumstance in which a court will not enforce an appellate waiver is when the government has "breached" the plea agreement. Gomez-Perez, 215 F.3d at 319; see

United States v. Rosa, 123 F.3d 94, 98 (2d Cir. 1997) (citing United States v. Gonzalez, 16 F.3d 985 (9th Cir. 1993)). No such claim is made here.

The Court concludes that the waiver provision in the plea agreement forecloses petitioner's challenge to his counsel's alleged failure to object to the facts in the Presentence Report or to the Guidelines calculation.

B. Failure to Pursue the Appeal

While the knowing and voluntary waiver of the right to appeal a sentence at or below the Guidelines range may doom the merits of petitioner's appeal, he had a right to pursue that appeal. He expressed his desire to his retained counsel who went so far as to file a Notice of Appeal. Under Second Circuit Local Rule 4.1(a), "[w]hen a defendant in a criminal case seeks to appeal, defendant's counsel, whether retained or appointed, is responsible for representing the defendant unless relieved by [the Second Circuit]." If the appeal presented no non-frivolous issues, counsel could have filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Second Circuit Local Rule 4.1(b). If other circumstances prevented counsel from pursuing the appeal, including petitioner's failure to pay for counsel's services, the remedy was for counsel to move to withdraw pursuant to Second Circuit Local Rule 4.1(d), which would have required counsel to make the required statements to the Court demonstrating that the individual's right and desire to appeal will be protected. Petitioner's lawyer did not do any of this.

Petitioner's counsel's conduct amounted to ineffective assistance of counsel to which the presumption of prejudice attaches. See Hernandez v. Untied States, 202 F.3d 486, 488 (2d Cir. 2000).

CONCLUSION

Because petitioner has established that he received ineffective assistance of counsel insofar as it relates to the pursuit of an appeal, the judgment is VACATED with directions to REINSTATE the judgment. Petitioner's counsel is directed to file a Notice of Appeal and may, at that juncture, proceed consistent with Second Circuit Local Rule 4.1 and the law of the Second Circuit. All other relief on other grounds sought by petitioner is DENIED.

SO ORDERED.

Dated: New York, New York
       August 1, 2013

                                            P. Kevin Castel
                                            United States District Judge